# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GIL, | CV-F-11-2167 AWI |
| Petitioner, | CR-F-06-0133 AWI |
| v. | ORDER RE: MOTION TO VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. §2255 |
| Respondent. | |

## I. History

On April 6, 2006, Petitioner Fernando Gil was indicted on five counts of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance. Doc. 1. He was represented by Victor Chavez. On October 24, 2008, Petitioner plead guilty to one count of 21 U.S.C. § 841(a)(1). Doc. 46. It is unclear if there was a plea agreement between Petitioner and the U.S. Attorney's Office. The other four counts were later dismissed. Petitioner was sentenced on December 22, 2008 to 120 months imprisonment. Doc. 50.

Petitioner now files a 28 U.S.C. § 2255 motion to have his sentence reduced. Doc. 52. Petitioner has not filed a direct appeal. This is his first habeas petition.

## II. Legal Standards

Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence

of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. §2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

### III. Discussion

Petitioner seeks a reduction of his sentence. He is a Mexican citizen who is scheduled to be automatically deported pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43). Due to this status, Petitioner is not eligible for certain early release programs. Petitioner argues that due to this disparity, the sentence he received is a violation of his due process and his equal protection rights. He seeks a reduction of his sentence (through a downward departure from the sentencing guidelines) to correct this alleged sentencing error. Additionally, Petitioner argues that his attorney was ineffective in that he failed to raise this circumstance during plea negotiations and sentencing.

However, Petitioner is time barred from filing a habeas petition based on these

arguments. Habeas relief under Section 2255 is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period that applies in this case is one year from the date on which the judgment became final. Petitioner was sentenced on December 22, 2008. Doc. 50. Formal judgment and commitment was filed on December 23, 2008. Doc. 91. Petitioner did not appeal so that judgment became final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. See United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000) ("a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence"). In a criminal case under the then applicable rules, a notice of appeal must be filed within 10 court days after the district court's entry of judgment. See Fed. R. App. Proc. 4(b)(1)(A)(i) and Fed. R. App. Proc. 26(a). Therefore, Petitioner had through Friday, January 10, 2009 to file a notice of appeal; the judgment became final on Monday, January 13, 2009. The deadline for filing a habeas petition was January 13, 2010. Petitioner did not file his habeas petition until May 23, 2011, well after the one year limitations period expired.

The other three possibilities for accrual do not apply. Petitioner has identified no circumstances which prevented him from filing a habeas petition earlier. Further, there are no newly discovered facts to excuse the late filing. Petitioner states "Counsel fail[ed] to raise this matter with the U.S. At[t]orney's Office during plea negotiations, thus inexplicably and gratuitously forfeiting this chip to Defendant's detriment." Doc. 52, Petition, at 6. The U.S. Supreme Court has made recent rulings recognizing ineffective assistance of counsel during the plea negotiation process. See Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S.

Ct. 1399 (2012).  Courts have concluded that the rulings do not establish a new right retroactively applicable to cases on collateral review, finding instead that the cases explain the operation of an existing right. See <u>Hare v. United States</u>, 2012 U.S. App. LEXIS 16257, *1-5 (7th Cir. Aug. 6, 2012) ("the [U.S. Supreme] Court's language repeatedly and clearly spoke of applying an established rule to the present facts"); <u>Vasilis Fotiou Sakellaridis v. Warden</u>, 2012 U.S. Dist. LEXIS 87074, *16-19 (C.D. Cal. June 21, 2012).  Thus, no new case law has reset the one year statute of limitations.

### IV. Order

Fernando Gil's 28 U.S.C. § 2255 motion is DENIED.

IT IS SO ORDERED.

Dated:   August 28, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE